UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
UNITED STATES OF AMERICA,                       :
                                                :
                            Plaintiff,          :
                                                :          **REPORT AND RECOMMENDATION**
            -against-                           :          19 Civ. 5348 (AMD) (VMS)
                                                :
DEBORAH PHILLIPS, 55 Wooded Court,              :
Calverton, NY 11933, JOHN DOE, MARY ROE,        :
and XYZ CORPORATION, 55 Wooded Court,           :
Calverton, NY 11933,                            :
                                                :
                            Defendants.         :
-------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

      Plaintiff United States of America ("Plaintiff") commenced this real property foreclosure

action against Defendant Deborah Phillips ("Defendant" or "Phillips") and unidentified

Defendants John Doe, Mary Roe and XYZ Corporation, seeking to foreclose on a residential

mortgage.  See Complaint ("Compl."), ECF No. 1.  Pending before the Court is Plaintiff's

motion for the entry of a default judgment.  See Motion, ECF No. 12.  The Honorable Ann M.

Donnelly referred the motion to the undersigned for report and recommendation.  For the reasons

set forth below, it is respectfully recommended that (1) the case be dismissed against the

unidentified defendants John Doe, Mary Roe and XYZ Corporation,[1] and (2) the motion for a

default judgment be granted in part and denied in part, as discussed below.

---

[1] In light of this recommendation, any reference to Defendant in this report and recommendation
is to the sole remaining defendant, Deborah Phillips.

## I. BACKGROUND

### A. Factual History

The following facts are taken from the Complaint, the documents attached thereto,[2] and evidence submitted in support of Plaintiff's motion except where otherwise noted.

On or about May 5, 2006, Plaintiff, acting through the Rural Housing Service or successor agency, the United States Department of Agriculture ("USDA"), loaned $158,860.00 to Defendant, which Defendant undertook and promised to repay with interest at 5.7500% in specified monthly installments.  See Compl. ¶ 2.  Phillips executed a promissory note (the "Note"), see id., Ex. A, ECF No. 1 at 6-9, secured by a mortgage (the "Mortgage"), see id. Ex. B, ECF No. 1 at 10-20, on real property that Defendant owned located at 55 Wooded Court, Calverton, New York, in the town of Brookhaven, Suffolk County, New York (the "Property"). See id. ¶ 4.  Plaintiff is the owner and holder of the Note and the Mortgage.  See id. ¶ 6.

Defendant thereafter breached and violated the provisions of the Note and Mortgage by failing to pay the installments of principal and interest when due beginning with the payment due on July 5, 2014, and by failing to make payment of real property taxes when due.  See Compl. ¶ 7.  As a consequence, Plaintiff was required to pay the taxes to protect its interest, and it elected to declare the entire sums secured by the Mortgage due and payable.  See id. ¶¶ 7-8.  The Complaint seeks to recover the unpaid principal amount of $139,165.10, plus unpaid interest, subsidy to be recaptured, late charges and other fees in the total amount, $200,534.11, as of the

---

[2] The documents incorporated by reference and attached to the Complaint are uncontroverted; thus, they may be considered in determining this motion.  See generally Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (upholding liability determination made based on "the factual allegations in the complaint, combined with uncontroverted documentary evidence submitted by plaintiffs.").

2

date after the filing of the Complaint.  Id. ¶ 9.

Upon electing to declare all sums secured by the Mortgage due and payable, Plaintiff served Defendant with the statutory 90-day notice required by the New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 (the "§ 1304 notice"), see Compl. ¶ 13 & Ex. C, ECF No. 1 at 21-36, and made the requisite filing of information with the Superintendent of the New York State Banking Department pursuant to RPAPL § 1306 (the "§ 1306 filing"), see Compl. ¶ 15 & Exh. D, ECF No. 1 at 37-38.

**B. Procedural History**

Plaintiff filed the Complaint in this action on September 19, 2019.  On November 26, 2019, Defendant was served with the summons and complaint pursuant to § 308(4) of New York's Civil Practice Law and Rules ("CPLR").  See Affidavit of Service, ECF No. 8 at 9.  Upon Defendant's failure to answer, her default was entered by the Clerk of the Court, see ECF No. 11, and Plaintiff filed the instant motion for a default judgment.  The motion was referred to this Court by District Judge Donnelly for a report and recommendation.

On August 2, 2021, the Court issued an Order scheduling a telephone conference for August 4, 2021.  See Order of 8/2/2021.  After that proceeding, the Court directed Plaintiff to supplement its papers.  See Order of 8/6/21.  Plaintiff complied, see ECF No. 14 ("Pl.'s 1st Supp."), and provided an additional supplement in response to a subsequent request from the Court.  See Plaintiff's Supplement of 12/3/21 ("Pl.'s 2nd Supp."), ECF No. 17.[3]

In its motion as supplemented, Plaintiff seeks to recover unpaid principal in the amount of $139,165.10, plus additional amounts for interest, recaptured subsidy, late charges and fees, in

---

[3] Both of Plaintiff's supplements have been filed as separate "Motions" rather than supporting submissions, and will be terminated as motions filed in error.

the total amount of $231,233.20 through November 30, 2021, plus additional interest through the date of judgment.  See Schedule A to Affidavit of Plaintiff by Walter Lindsey Jr., Lead Foreclosure Specialist with the USDA Rural Housing Service ("Lindsey Aff."), Pl.'s 2nd Supp., ECF No. 17-2 at 5.  It further seeks an order directing the sale of the Property and directing that Plaintiff be paid the amount due from the proceeds of the sale, together with the costs and expenses of the action and expenses of the sale.  See Compl. ¶¶ 16 b-e.

On December 10, 2021, the Court directed Plaintiff to report its position as to whether its foreclosure action is subject to New York's requirements under the COVID-19 Emergency Eviction & Foreclosure Prevention Act of 2020 (the "Act").  See Order of 12/10/21.  In response, Plaintiff advised that it believes this action is subject to the Act, and indicated that it had given Defendant the opportunity to execute a Hardship Declaration by mailing her the form with instructions.  Letter of 12/17/2021, ECF No. 19.  Plaintiff further urged that "[i]f the mortgagor sends back an executed Hardship Declaration, this action should be stayed through January 15, 2022 in accordance with the recent extension of the Act."  Id.  The Hardship Declaration provided by Plaintiff for Defendant to consider included a Mortgagor's Declaration stating "I am the mortgagor of the property at 89 Hawkins Avenue, Ronkonkoma, NY 11779," not the mortgaged Property in Calverton.  Id. Ex. A.  Plaintiff has not reported receipt of a completed Hardship Declaration.

## II.  LEGAL STANDARDS

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure by which a party may obtain a default judgment.  See Moulton Masonry, 779 F.3d at 186; Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  If a party has failed to plead or otherwise defend against an action, the Clerk of Court must first enter a certificate of default by making a

notation on the record.  See Fed. R. Civ. P. 55(a).  After this entry of default, and if the defaulting party still fails to appear or move to set aside the default, the court may enter a default judgment if the complaint is well-pleaded.  See Fed. R. Civ. P. 55(b).  The court must ensure that (1) the plaintiff satisfied all required procedural steps in moving for default judgment, see Local Civ. R. 55.2; and (2) the plaintiff's allegations, when accepted as true, establish liability as a matter of law.  See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

Where a defendant fails to respond to the complaint, entry of a default judgment is ordinarily warranted.  See SEC v. Anticevic, No. 05 Civ. 6991 (KMW), 2009 WL 4250508, at *6 (S.D.N.Y. Nov. 30, 2009) (citing Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984)).  The court must determine, however, whether the plaintiff was effectively served with process before entering a default.  See Omni Capital Int'l, Inc. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) (noting that "[b]efore a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied"); Sik Gaek, Inc. v. Yogi's II, Inc., 682 F. App'x 52, 54 (2d Cir. 2017) ("[a]mong other things, the moving party must demonstrate that entry of default is appropriate, which requires a showing that the nonappearing party was effectively served with process").  A process server's affidavit is ordinarily prima facie evidence of proper service.  See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002).

A defaulting defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability.  See Greyhound Exhibitgroup Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 58 (2d Cir. 1992).  "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."  Labarbera v. ASTC Labs., Inc., 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010)

(internal quotation marks & citation omitted); see City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (the court "need not agree that the alleged facts constitute a valid cause of action" (internal quotation marks & citation omitted)); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981) (acknowledging the court's authority, even after default, to determine whether plaintiff has stated a cause of action).  In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  Enron Oil, 10 F.3d at  95-96.

Although a party's default "is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  Moulton Masonry, 779 F.3d at 189 (internal quotation marks & citation omitted).  The court "must conduct an inquiry to 'ascertain the amount of damages with reasonable certainty.'"  Morton v. Cohen, No. 17 Civ. 6166 (JMA), 2019 WL 1050997, at *1 (E.D.N.Y. Mar. 5, 2019) (quoting Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)).  A hearing is not necessary as long as the court "'ensure[s] that there [i]s a basis for the damages specified in the default judgment,' such as by relying on detailed affidavits and documentary evidence."  Finkel v. Firequench, Inc., No. 20 Civ. 0010 (BMC), 2020 WL 1323017, at *1 (E.D.N.Y. Mar. 20, 2020) (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

## III.  ANALYSIS

### A.  Dismissal Of The John Doe Defendants

Plaintiff states that the unidentified defendants John Doe, Mary Roe and XYZ Corporation, are no longer necessary parties and requests their dismissal from this action and amendment of the caption.  Dismissal of these defendants is proper pursuant to Federal Rule of

Civil Procedure 4(m) based on Plaintiff's failure to identify and timely serve these defendants after the filing of the complaint.  See United States v. Salten, No. 03 Civ. 578 (JS) (ARL), 2017 WL 9511083, at *5 (E.D.N.Y. Feb. 17, 2017), report & recommendation adopted, 2017 WL 945089 (E.D.N.Y. Mar. 10, 2017).  The Court respectfully recommends that Defendants John Doe, Mary Roe and XYZ Corporation be dismissed from this action, and that the caption be amended accordingly.

**B.  Service Of Process**

The Federal Rules permit service to be made in accordance with the service rules of the state where the district is located or where service is made.  Fed. R. Civ. P. 4(e)(1).  Where other methods of personal service cannot be made with due diligence, New York permits "nail and mail" service upon a natural person  by (1) "affixing the summons to the door of . . . the actual . . . dwelling place or usual place of abode" of the person to be served, and (2) "mailing the summons to such person at his or her last known residence."  N.Y. C.P.L.R. § 308(4).  The term 'due diligence' is not defined by the statute and is "interpreted and applied on a case-by-case basis."  Bank of Am. N.A. v. Batson, 176 A.D.2d 771, 771, 110 N.Y.S.2d 445 (2d Dep't 2019).  Generally, courts have held "that three attempts at a residence or place of business, on non-consecutive dates and at times when the defendant would be expected to be there, are sufficient."  Bruccoleri v. Gangemi, No. 17 Civ. 7443 (ILG), 2019 WL 499769, at *4 n.3 (E.D.N.Y. Feb. 8, 2019); see Nesterov v. Kvadro S. Corp., No. 18 Civ. 7200 (MKB) (SJB), 2021 WL 1236029, at *2 (E.D.N.Y. Mar. 11, 2021) (noting that "[c]ourts have found that attempting service on three different days at different times of day—which was done here—is sufficient to resort to affix-and-mail service"), report & recommendation adopted, 2021 WL 1238707 (E.D.N.Y. Apr. 2, 2021); Lasalle Bank, N.A. v. Hudson, 139 S.D.3d 811, 812 (2d Dep't 2016) (due diligence

requirement met where process server made three visits defendant's residence on different dates and at different times of the day and made attempts to obtain her employment address).

Plaintiff's process server made two unsuccessful attempts to serve Defendant at the Property. On October 2, 2019, the summons was returned unexecuted, the process server having found the Property to be "vacant." See ECF No. 8 at 2. Plaintiff's process server executed an Affidavit of Non-Service indicating that he attempted service at the Property on October 18, 2019, but found that Defendant "does not reside at this address, this is a vacant property notices on door." See id. at 6. An additional Affidavit of Non-Service indicates that "[n]o persons, (John/Jane Does), are living at the residence since this is a vacant property notice on the door." See ECF No. 8 at 8.

Richard Jamison of Provest, LLC conducted a skip search to aid in serving Defendant. By affidavit, Mr. Jamison attested that (1) an investigative report revealed (a) Defendant's most current address to be 89 Hawkins Avenue, Ronkonkoma, New York 11779 (the "Ronkonkoma address"), and (b) no current possible places of employment for Defendant; (2) an information request made to the New York State Department of Motor Vehicles found a valid New York driver's license for Defendant with the Ronkonkoma address; and (3) a search of the Department of Defense website records found none indicating that Defendant "is active duty in any of the Armed Forces of the United States of America." See ECF No. 8 at 10.

Plaintiff's process server attempted service upon Defendant at the Ronkonkoma address on five (5) separate dates, November 15, 16, 21, 22 and 26, 2019, including a Saturday, and made the attempts at different times of day, but was "unable to find Defendant or a person of suitable age and discretion thereat" on any of those five occasions. See ECF No. 8 at 9. On November 26, 2019, the process server affixed documents, including a copy of the summons and

complaint, to the door of the Ronkonkoma address, and on December 3, 2019, he mailed copies

of the same to Defendant at the Ronkonkoma address in a prepaid and sealed first-class wrapper

marked personal and confidential.  Id.

Plaintiff's evidence satisfactorily shows that the Ronkonkoma address is Defendant's

dwelling place or usual place of abode.  The Court finds due diligence in Plaintiff's five attempts

to serve Defendant by personal delivery or delivery upon a person of suitable age and discretion

at the Ronkonkoma address.  Service was attempted on both weekdays and weekends, and at

morning, afternoon and evening times of day.  After the unsuccessful efforts at personal service,

Plaintiff's process server complied with CPLR § 308(4) by affixing a copy of the summons and

complaint to the door of the Ronkonkoma address and timely mailing a copy to that same

address within ten days.  Id.  As such, Plaintiff has established good service upon Defendant.[4]

### C.  Liability

A plaintiff may establish standing in a mortgage foreclosure action "by demonstrating

that, when the action was commenced, it was either the holder or assignee of the underlying

note." E. Sav. Bank, FSB v. Thompson, 632 F. App'x 13, 15 (2d Cir. 2015) (quoting Wells

Fargo Bank, N.A. v. Rooney, 19 N.Y.S.3d 543, 544, 132 A.D.3d 980 (2d Dep't 2015)).  Here,

Plaintiff has standing as it is the holder of both the Note and Mortgage, which were delivered

prior to the commencement of this action.  See Compl. ¶¶ 3-4, 6.

"Under New York state law, three elements must be established in order to sustain a

foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a

---

[4] Plaintiff has also complied with Local Civil Rule 55.2 by appending the necessary documents to its application for a default judgment, see Exh. D, annexed at ECF No. 12 at 63-64; Exh. C, annexed at ECF No. 12 at 16-62, ECF No. 12-2, and serving Defendant by mail at the Ronkonkoma address, see Affidavit of Service, ECF No. 12-4.

default on that obligation by the debtor; and (3) notice to the debtor of that default." Gustavia Home, LLC v. Hoyer, 362 F. Supp. 3d 71, 79 (E.D.N.Y. 2019) (quoting United States v. Paugh, 332 F. Supp. 2d 679, 680 (S.D.N.Y. 2004)); see U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Toney, No. 17 Civ. 5516 (MKB) (RLM), 2018 WL 3946506, at *4 (E.D.N.Y. July 13, 2018) (a plaintiff "is entitled to foreclosure if it alleges the existence of an obligation secured by a mortgage, and a default on that obligation." (internal quotation marks & citation omitted)), report & recommendation adopted, 2018 WL 3941940 (E.D.N.Y. Aug. 15, 2018). Typically, "once a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." United States v. Leap, No. 11 Civ. 4822 (DRH) (WDW), 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), report & recommendation adopted, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014).

The Court finds that Plaintiff has adequately alleged its entitlement to foreclosure. Plaintiff has alleged that (1) it loaned Defendant a specific sum secured by a Note and Mortgage, Compl. ¶¶ 3-4; (2) Defendant breached the Note and Mortgage provisions by failing to pay installments of principal and interest due beginning with the payment due July 5, 2014, id. ¶ 7; and (3) due demand was made for payment, id.; see USDA Notice of Acceleration of Your Mortgage Loan(s), Motion Ex. J, ECF No. 12-1 at 106-108.

In addition, New York residential foreclosure actions are subject to notice and filing requirements set forth in Article 13 of the RPAPL. Two of the statutes, §§ 1304[5] and 1306, must

---

[5] Although § 1304 originally applied only to specific types of loans, the statute was amended, effective January 14, 2010, to include all home loans. The amendment "applies in any action commenced after the amendment; the date the mortgage originated is irrelevant." U.S. Bank Nat'l Ass'n v. Panzer, 189 A.D.3d 1109, 138 N.Y.S.3d 58, 60 (2d Dep't 2020).

be satisfied prior to commencement of a foreclosure action.  See RPAPL § 1306 ("Each lender

. . . shall file with the superintendent of financial services [information set forth in RPAPL §

1306(2)] . . . as a condition precedent" to initiating any foreclosure proceeding); CIT Bank N.A.

v. Schiffman, 999 F.3d 113, 116 (2d Cir. 2021) ("Proper service of [an] RPAPL 1304 notice on

the borrower or borrowers is a condition precedent to the commencement of a foreclosure action,

and the plaintiff has the burden of establishing satisfaction of this condition." (quoting Deutsche

Bank Nat'l Tr. Co. v. Spanos, 102 A.D.3d 909, 961 N.Y.S.2d 200, 202 (2d Dep't 2013))).  The

Complaint alleges that Plaintiff "complied with the notice provisions."  See Compl. ¶ 13.  The

§ 1304 notice conforms with the substantive statutory requirements and was served upon

Defendant.  See § 1304 notice[6]; Affidavit of Mailing, Pl.'s 2nd Supp., Ex. A, ECF No. 17-1.

Proof of the requisite § 1306 filing has also been provided.  See Motion, Ex. F, ECF 12-1 at 82.

The Complaint contains well-pleaded allegations in support of this foreclosure action,

and Plaintiff has satisfied New York's notice requirements.  The Court therefore respectfully

recommends that a liability default judgment be entered against Defendant.  The Court now turns

to a determination of damages and other relief sought by Plaintiff.

**D. Damages & Other Relief**

### i. Damages Due Under The Note

Plaintiff seeks to recover the unpaid principal of the loan, plus interest and other fees and

charges authorized by the Note.  According to Plaintiff, these sums, incorporating amounts

through November 30, 2021, are:

---

[6] The § 1304 notice appears three times in the record, as an attachment to the Complaint both as originally filed and as an exhibit to the instant motion, see Compl., Ex. C, ECF No. 1 at 21-36 and Motion, Ex. C., ECF No. 12-1 at 45-60, and again as a separate exhibit to the default judgment motion, see Motion, Ex. E, ECF No. 12-1 at 65-80.  All three documents are identical.

| Unpaid Principal | $139,165.10 |
| Unpaid Interest | $59,960.11 |
| Subsidy to be Recaptured | $4,153.20 |
| Late Charges | $107.52 |
| Fees Required with payoff funds | $3945.15 |
| Fees currently assessed | $23,902.12 |
| **Total** | **$231,233.20** |

See Schedule A, Pl.'s 2nd Supp.  In support, Plaintiff has provided documentation of the amounts sought.[7]  The Court finds that it is able to ascertain Plaintiff's damages to a reasonable certainty by examination of the documentation provided by Plaintiff so there is no need for a hearing.

### a) Unpaid Principal, Interest, Subsidy Recapture And Late Charges

Plaintiff seeks to recover the unpaid principal balance of the loan in the amount of $139,165.10.  The Payment History confirms this amount.  The last payment from Defendant was applied on July 3, 2014, in satisfaction of the installment due on May 5, 2014, see Payment History, activity of 7/3/14.  The principal balance was further reduced on two occasions by a "DWA" payment and by IRS Treasury funds.  See Payment History, activity of 11/7/2014, 2/12/2015, 3/31/2015.  The Court respectfully recommends that the United States be awarded damages in the amount of **$139,165.10** in unpaid principal balance.

---

[7] See Lindsey Aff. and exhibits thereto; Affidavit of Plaintiff by Mirian Jackson, Lead Foreclosure Specialist with the USDA Rural Housing Service ("Jackson Aff."), Motion Ex. J, ECF No. 12-1 at 106-108; Pl.'s 1st Supp., USDA Rural Development Service Center Payment History ("Payment History") and USDA Rural Development Service Center Fees Billed ("Fees Billed").  The documents submitted as part of the 1st Supplement were attached to a letter from counsel.  Although a better practice would have been to have submitted them by affidavit, the Court accepts them as what they purportedly are:  Federal government-created spreadsheets regarding Plaintiff's account from counsel as a Representative of the United States.

The Note provides for annual interest at the rate of 5.75%. Applying that rate to the unpaid principal balance of $139,165.10 results in the daily interest accrual amount of $21.9233 sought by Plaintiff. <u>See</u> Schedule A, Pl.'s 2nd Supp. Plaintiff is seeking interest starting from June 5, 2014, through the date of entry of judgment. Calculated through the end of calendar year 2021, the Court respectfully recommends that Plaintiff be awarded **$60,639.85** in interest, through December 31, 2021, plus additional interest in the amount of $21.9233 per day from January 1, 2022 through the date of entry of judgment.

Pursuant to the Note's provision entitled "Subsidy Repayment Agreement," Defendant agreed to "the repayment (recapture) of subsidy granted in the form of payment assistance under the Government's regulations." Note, at 2; <u>see</u> Mortgage, recitals (d) (Lender entitled to "the recapture of any payment assistance and subsidy which may be granted to the Borrower by the Lender pursuant to 42 U.S.C. §§ 1472(g) or 1490a"). According to USDA Lead Foreclosure Specialist Lindsey, the interest rate was reduced during the effective date of the agreements with Defendant, and the "interest credit is subject to recapture." Lindsey Aff. ¶ 12. The amount of the interest credit subject to recapture here is **$4,153.20**. <u>Id.</u> The Court respectfully recommends that Plaintiff be awarded this amount.

The Note provides for the imposition of a late charge in the amount of 2% of the overdue payment of principal and interest for each late payment. Plaintiff seeks late charges in the amount of $107.52. The Payment History indicates late charges in the amount of $17.92 per charge, six of which remain unpaid. <u>See</u> Payment History, activity of 1/12/2015. The Court respectfully recommends the award of **$107.52** in late charges.

### b) Fees

Where Defendant fails to perform under the agreement, the Mortgages authorizes

Plaintiff to "do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property" including entering onto the property to make repairs.  Mortgage, ¶ 7.  Plaintiff seeks an award of $23,902.12 in "Fees Currently Assessed."  Lindsey Aff., Schedule A & Ex. C ("Payoff Funds Panel").  Based on the Court's review of the Payment History and related Order, see Pl.'s 1st Supp. and Order of 11/9/2021, Plaintiff provided further information regarding, inter alia, four categories of expenditures ("Fee(s) Billed" for Prop Mgmt/Care, Miscellaneous, Inspection-R.E., Foreclosure) set forth in the Payment History as to:

>    (a) the two items designated Fees Billed to Foreclosure, which may be duplicative of charges sought as attorneys' fees;
>
>    (b) the $25.30 monthly payment categorized on different dates as Fees Billed to Prop Mgmt/Care, Miscellaneous, or Inspection-R.E.;
>
>    (c) the additional entries for Fees Billed to Prop Mgmt/Care totaling $681.76; and
>
>    (d)  Fees Billed to Miscellaneous totaling $1,928.

Plaintiff provided an affidavit and some documentary evidence.  See Lindsey Aff.; id. Ex. A. Upon review, the Court is satisfied that it is appropriate to award the fees permitted by the Note and Mortgage and referenced above in (b), which are for monthly property inspections, and (c), which are expenditures for maintenance of the Property.  Plaintiff has also established that some of the items referenced above in paragraph (d) categorized as "Fees Billed to Miscellaneous" also pertained to Property maintenance such as grass cutting and repairs, and are recoverable. Plaintiff has failed, however, to provide detail as to the remaining "Fees Billed to Miscellaneous"; thus, it is respectfully recommended that the remaining entries in this category be excluded from the award.[8]

---

[8] The following entries from the Payment History and categorized as Fees Billed to Miscellaneous remain undocumented and thus are not be included in the recommended award:

In response to the Court's query regarding two items categorized as "Fees Billed to Foreclosure" and the potential for duplicate recovery, see Order of 11/9/2021, Mr. Lindsey stated that these fees "include payments for Code violations and removal of hazardous waste, tarping roof, etc. and for legal services and title work, and expenses such as postage, etc. and interest on fees. They do not include legal fees and costs for the prosecution of this foreclosure." Lindsey Aff. ¶ 6. Mr. Lindsey's general response fails to address, or provide documentation regarding, the two specific entries from the Payment History questioned by the Court—activity billed on 8/6/2019 for $125.00 and on 11/4/2019 for $1,155.00. Despite the statement that these fees do not include legal fees for the foreclosure action, the dates of these expenditures bookend the filing of the complaint on September 19, 2019, and the larger amount, $1,155.00, is exactly the amount sought by counsel for preparation of the complaint in his request for attorneys' fees. See Motion, Ex. L. Plaintiff has failed to demonstrate that these are not duplicative fees; thus, these amounts will not be included in the Court's recommended award.

To summarize, it is respectfully recommended that Plaintiff be awarded its fees for maintenance and repair of the property in the total amount of **$2,825.56** for: (1) Fees Billed to Prop Mgmt/Care; and (2) billings in any category for the verification or inspection of the property or property maintenance such as grass cutting. It is further recommended that no award of fees be granted for: (1) the seven entries for Fees Billed to Miscellaneous listed in footnote 9, supra; and (2) Fees Billed to Foreclosure.

In addition to monies expended by Plaintiff to maintain the Property, Plaintiff provided evidence of payments for taxes and insurance. It demonstrates annual payments made to State

---

$9.20 on  8/6/19; $275.00 on 8/6/2019; $21.57 on 11/4/19; $220.00 on 12/6/2019; $450.00 on 12/17/19; $75.00 and $460.00 on 2/12/20. The documentation provided does not appear to account for these expenditures on any date. See Lindsey Aff., Ex. A.

Farm Insurance from 2015 through 2020 totaling $7,634.00, and bi-annual tax payments to the Town of Brookhaven from May 2015 through December 2020 totaling $8,299.54. An additional $276.94 was billed to escrow in February 2015 to reflect a shortfall in the escrow fund. It is respectfully recommended that Plaintiff be awarded **$16,210.48** in taxes and insurance. Combined with the approved maintenance fees, the total amount of "Fees Currently Assessed" is **$19,036.04**, and it is respectfully recommended that this amount be awarded.

The United States also seeks $3,945.15 in "Fees Required with payoff funds." Lindsey Aff., Sched. A. Mr. Lindsey states that this amount "consists of all fees which have not been paid and all fees anticipated over the next 30-45 days, including interest on fees." Id. ¶¶ 8, 11. The Court declines to include anticipatory fees in its recommended award because Plaintiff has not offered evidence that these fees will be incurred.

Plaintiff is, however, entitled under the Mortgage to recover interest on the approved "Fees Currently Assessed." See Mortgage ¶ 7 (amounts expended to protect the value of the Property "shall become additional debt of Borrower secured by this Security Instrument" and shall "bear interest from the date of disbursement at the Note rate"). As this Court has recommended that some of the fees sought be excluded from an award, Plaintiff cannot recover interest on the excluded fees. To calculate the interest owed on fees, the Court started with the interest calculation included with the Plaintiff's 1st Supplement, see ECF No. 14, at 20-23, then (1) eliminated those entries excluded by the analysis, above, (2) added the verified fees from Plaintiff's 2nd Supplement that were incurred after receipt of the first supplement,[9] and (3)

---

[9] The first supplement calculated the interest on fees using the "billed date" from the Property History, while the documentation provided with the Lindsey Affidavit referenced only the dates on which a task was ordered and completed. The Court used the fifth day of the month after a task was completed as the interest accrual date for those tasks.

applied the contractual interest rate of 5.75% on all the eligible entries through December 31, 2021.  Using this methodology, the Court calculated the interest owing, and respectfully recommends that Plaintiff be awarded **$3,678.36** in interest on the Fees Currently Assessed through December 31, 2021, and additional interest at the rate of $3.00 per day through the date of entry of judgment.

### ii.  Costs And Attorney's Fees

The Note provides that in the event of Defendant's default, Plaintiff is entitled to recover "all of its costs and expenses in enforcing this [Note]" including "reasonable attorney's fees." Note at 2.  Plaintiff is seeking attorneys' fees in the amount of $3,875.00  See Affirmation of Legal Services & Costs of Barry M. Weiss ("Weiss Fees Aff."), Motion Ex. L.

The party seeking reimbursement of attorneys' fees bears the burden of proving the reasonableness of the fees sought.  See Savoie v. Merchs. Bank, 166 F.3d 456, 463 (2d Cir. 1999).  In this Circuit, the amount of attorneys' fees is determined by calculating the "presumptively reasonable fee."  Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 172 (2d Cir.2009).  Generally, a request for attorneys' fees must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed.  See Cruz v. Loc. Union No. 3 of the Bhd. of Elec. Workers, 34 F.3d 1148, 1160-61 (2d Cir. 1994).  Here, however, counsel seeks his fees "based on a flat fee agreement providing for milestone billing that is reasonable and customary and in line with rates charged by other attorneys doing similar work in the foreclosure field within the same geographic area of practice."  Weiss Fees Aff. ¶ 4, Ex. L.  Those fees, totaling $3,500.00, are for the following services: Complaint--$1,155.00; Judgment--$1,155.00; Deed--$1,190.00.

Notwithstanding the absence of contemporaneous time records, courts in this District have recently found attorneys' fees based on flat fee arrangements to be reasonable and recoverable.  See, e.g., Nationstar Mortg. LLC v. McCarthy, No. 16 Civ. 03063 (ADS), 2019 WL 3798048, at *1 (E.D.N.Y. Aug. 13, 2019) (adopting recommendation to award $3,475.00 in attorneys' fees for default judgment in foreclosure action charged as a flat fee); Nationstar Mortg. LLC v. Mullany, No. 16 Civ. 05501, 2018 WL 4637352, at *1 (E.D.N.Y. Sept. 27, 2018) (adopting recommendation to award $3,500.00 in attorneys' fees for default judgment in foreclosure action, reduced from flat fee of $4,950.00); OneWest Bank, NA v. Obas, No. 14 Civ. 3238 (DRH) (GRB), 2016 WL 11191567, at *1 (E.D.N.Y. Mar. 15, 2016) (adopting recommendation to award $3,500.00 attorneys' fees for default judgment in foreclosure action charged as a flat fee).  Given the work performed as seen on the docket and the fee sought, the Court finds the $3,500.00 flat fee to be reasonable under the circumstances and respectfully recommends its inclusion in the award.

Counsel also seeks additional fees that were "obtained" for preparation of the 90-day notice in the amount of $125.00, and $250.00 for the preparation of the Clerk's Entry of Default. It is unclear from counsel's affidavit if the additional $375.00 was charged as a flat fee or as an hourly rate.  If the work was performed at an hourly rate, counsel did not provide documentation of the time spent or his hourly rate.  Approved hourly rates in mortgage foreclosure cases have been found to be lower than the standard rates approved because the cases are generally straightforward and do not require high levels of skill.  See CIT Bank N.A. v. Gordon, No. 17 Civ. 3972 (ADS) (SIL), 2020 WL 4587446, at *3 (E.D.N.Y. May 10, 2020) (lowering hourly rate to $375 for partner, $250 for senior associates), report & recommendation adopted, 2020 WL 2711420 (E.D.N.Y. May 26, 2020); E. Sav. Bank, FSB v. Whyte, No. 13 Civ. 6111 (CBA)

18

(LB), 2015 WL 790036, at *8 (E.D.N.Y. Feb. 24, 2015) (finding "hourly rates for cases involving mortgages and promissory notes to [be] $250 for partners, $175 for associates, and $80 for paralegals."). Applying an associate hourly rate of $200 to the fee sought results in less than two (2) hours of attorney time spent. This Court finds that a fee equivalent to under two hours' work is reasonable for the tasks completed, and therefore respectfully recommends an award of this fee at the rate of $200.00 per hour as well.

Plaintiff further seeks costs in the total amount of $1,030.00, comprising $350.00 for the costs of Title, $460.00 for the Service of Process and $220.00 to cover the filing fee for the Notice of Pendency. See Bill of Costs, Motion, Ex. K. The Court finds these costs recoverable pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), and respectfully recommends that they be awarded.

### iii. Other Relief

Plaintiff seeks a judgment of foreclosure and sale for the Property. Where defendant has defaulted, a plaintiff "is entitled to foreclosure if it alleges the existence of an obligation secured by a mortgage, and a default on that obligation." 1st Bridge LLC v. 682 Jamaica Ave., LLC, No. 08 Civ. 3401 (NGG) (MDG), 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010) (internal quotation marks & citation omitted), report & recommendation adopted, 2010 WL 4607409 (E.D.N.Y. Nov. 4, 2010). As discussed above, Plaintiff sufficiently alleges the requisite factors and thus is entitled to a judgment of foreclosure and sale.

Plaintiff also requests the appointment of a referee to effectuate the sale of the Property. This Court respectfully recommends that the Property be foreclosed and sold, with the proceeds to be applied against the amounts owed on the Note, and that a referee be appointed to effectuate the sale of the Property.

## IV.  CONCLUSION

For the reasons stated above, it is respectfully recommended that the John Doe

Defendants be dismissed and that the caption be amended accordingly; that Plaintiff's motion for

a default judgment motion be granted in part and denied in part; that the Property be foreclosed

and sold; and that Plaintiff be awarded the following amounts to be paid from the sale of the

Property, with any unpaid amounts to be due and owing from Defendant:

- Unpaid principal in the amount of **$139,165.10**;

- Interest in the amount of **$60,639.85** through December 31, 2021, plus additional interest in the amount of $21.9233 per day from January 1, 2022 through the date of entry of judgment;

- Recaptured subsidy in the amount of **$4,153.20**;

- Late charges in the amount of **$107.52**;

- "Fees Currently Assessed" in the total amount of **$19,036.04**, comprising maintenance fees of $2,825.56, and taxes and insurance totaling $16,210.48;

- Interest on the "Fees Currently Assessed" in the amount of **$3,678.36** through December 31, 2021, plus additional interest in the amount of $3.00 per day from January 1, 2022 through the date of entry of judgment; and

- Attorneys' fees in the amount of **$3,850.00** and costs in the amount of **$1,030.00**.

It is further respectfully recommended that if the District Court adopts this report and

recommendation, Plaintiff be required to submit, within 14 days of the adoption order: (1) a

proposed conforming judgment and (2) the names and qualifications of three proposed referees,

of which the Court will choose one for inclusion in the judgment.

## V.  OBJECTIONS

A copy of this report and recommendation is being provided to the Plaintiff via ECF.

Any written objections to this report and recommendation must be filed with the Clerk of the

Court within fourteen (14) days of service of this report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.

See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").  The Court will mail a copy of this Report and Recommendation to Defendant at 89 Hawkins Avenue, Ronkonkoma, New York, 11779.

Dated:  Brooklyn, New York
        January 7, 2022

                                                    *Vera M. Scanlon*
                                        _____
                                                VERA M. SCANLON
                                            United States Magistrate Judge